UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL MARTINEZ,

Plaintiff,

-against-

6645 OWNERS CORP., BSP BROADWAY 1 LLC, BSP BROADWAY 2 LLC, CEDAR BRIDGE MANGEMENT CORP, and MANNY "DOE" *individually*,

Defendant(s)

Case No.:

**COMPLAINT**

Plaintiff, MANUEL MARTINEZ, by his attorneys, upon personal knowledge as to himself and upon information and belief as to all other matters, complaining of Defendant(s), 6645 OWNERS CORP., BSP BROADWAY 1 LLC, BSP BROADWAY 2 LLC, CEDAR BRIDGE MANANGEMENT CORP, and MANNY 'DOE' (collectively "Defendant(s)") alleges:

## 1. NATURE OF THE ACTION

1. This is a wage and hour action. This action seeks to recover damages for minimum wage, overtime, liquidated damages, statutory damages, attorney's fees, costs, and interest pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL").

## 2. JURISDICTION

2. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## 3. VENUE

3. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as a substantial portion of the events or omissions giving rise to the claim occurred in the Southern District.

## 4. PARTIES

### 4.1. Plaintiff

4. Plaintiff resides in Bronx, New York.

5. Plaintiff is currently working as a Building Superintendent for Defendants at Defendants' property on 6645 Broadway, Bronx, NY 10471

### 4.2. Defendant 6645 OWNERS CORP.

6. Defendant 6645 OWNERS CORP. is a New York business corporation with an agent for service of process named BLACKSPRUCE and address for service at 80 FIFTH AVENUE, SUITE 1201, NEW YORK, NY, 10011.

7. Defendant 6645 OWNERS CORP. used the phone number 516-750-4369.

8. Defendant 6645 OWNERS CORP. does business as real estate managers at 1981 MARCUS AVENUE, SUITE C131, LAKE SUCCESS, NY, UNITED STATES, 11042.

9. Defendant 6645 OWNERS CORP. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. Defendant 6645 OWNERS CORP. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

11. In each of the three years preceding the filing of this Complaint, Defendant 6645 OWNERS CORP. annual gross volume of sales exceeded $500,000.

12. Defendant 6645 OWNERS CORP. exercised control over the terms and conditions of employees' employment, including Plaintiff, in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

13. Defendant 6645 OWNERS CORP. exercised control, oversight, and direction over Plaintiff.

14. Defendant 6645 OWNERS CORP. applied the same employment policies, practices, and procedures to all employees including Plaintiff, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

15. Defendant 6645 OWNERS CORP. is a covered employer within the meaning of the FLSA and the NYLL, and, employed Plaintiff and similarly situated employees.

**4.3. <u>Defendant BSP BROADWAY 1 LLC.</u>**

16. Defendant BSP BROADWAY 1 LLC. is a New York limited liability company with an address for service at 276 FIFTH AVENUE, ROOM 402, NEW YORK, NY, 10001.

17. Defendant BSP BROADWAY 1 LLC. does business as real estate managers at 829 GREENWOOD AVENUE, SUITE 1C, BROOKLYN, NY, 11218.

18. Defendant BSP BROADWAY 1 LLC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

19. Defendant BSP BROADWAY 1 LLC. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

20. In each of the three years preceding the filing of this Complaint, Defendant BSP BROADWAY 1 LLC. had an annual gross volume of sales exceeding $500,000.

21. Defendant BSP BROADWAY 1 LLC. exercised control over the terms and conditions of employees' employment, including Plaintiff, in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

22. Defendant BSP BROADWAY 1 LLC. exercised control, oversight, and direction over Plaintiff.

23. Defendant BSP BROADWAY 1 LLC. applied the same employment policies, practices, and procedures to all employees including Plaintiff, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

24. Defendant BSP BROADWAY 1 LLC. is a covered employer within the meaning of the FLSA and the NYLL, and employed Plaintiff.

**4.4. <u>Defendant BSP BROADWAY 2 LLC.</u>**

25. Defendant BSP BROADWAY 2 LLC. is a New York limited liability company with an address for service at 276 FIFTH AVENUE, ROOM 402, NEW YORK, NY, 10001.

26. Defendant BSP BROADWAY 2 LLC. does business as real estate managers at 829 GREENWOOD AVENUE, SUITE 1C, BROOKLYN, NY, 11218 .

27. Defendant BSP BROADWAY 2 LLC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

28. Defendant BSP BROADWAY 2 LLC. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

29. In each of the three years preceding the filing of this Complaint, Defendant BSP BROADWAY 2 LLC. had an annual gross volume of sales exceeding $500,000.

30. Defendant BSP BROADWAY 2 LLC. exercised control over the terms and conditions of employees' employment, including Plaintiff, in that it has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

31. Defendant BSP BROADWAY 2 LLC. exercised control, oversight, and direction over Plaintiff.

32. Defendant BSP BROADWAY 2 LLC. applied the same employment policies, practices, and procedures to all employees including Plaintiff, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

33. Defendant BSP BROADWAY 2 LLC. is a covered employer within the meaning of the FLSA and the NYLL, and, employed Plaintiff and similarly situated employees.

**4.5. <u>Defendant CEDAR BRIDGE MANAGEMENT CORP.</u>**

34. Defendant CEDAR BRIDGE MANAGEMENT CORP. is a New York business corporation with an address for service at 15 AMERICA AVE, LAKEWOOD, NJ, 08701.

35. Defendant CEDAR BRIDGE MANAGEMENT CORP used the phone number 877-233-2950.

36. Defendant CEDAR BRIDGE MANGEMENT CORP. does business as real estate managers at 910 AVENUE T, BROOKLYN, NY, 11223.

37. Defendant CEDAR BRIDGE MANAGEMENT CORP. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

38. Defendant CEDAR BRIDGE MANAGEMENT CORP. has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

39. In each of the three years preceding the filing of this Complaint, Defendant CEDAR BRIDGE MANAGEMENT CORP. had an annual gross volume of sales exceeded $500,000.

40. Defendant CEDAR BRIDGE MANAGEMENT CORP. exercised control over employees', including Plaintiff's, scheduling and payroll.

41. Defendant CEDAR BRIDGE MANAGEMENT CORP. is a covered employer within the meaning of the FLSA and the NYLL, and, employed Plaintiff and similarly situated employees.

### 4.6. Defendant MANNY "DOE"

42. Defendant MANNY "DOE" works as a manager at 6645 OWNERS CORP.

43. Defendant MANNY "DOE" used the phone number 347-585-7145.

44. Defendant MANNY "DOE" supervised Plaintiff.

45. Defendant MANNY "DOE" scheduled the work hours of Plaintiff.

46. Defendant MANNY "DOE" controlled the terms and conditions of the employment of Plaintiff.

47. Defendant MANNY "DOE" has the power to fire Plaintiff.

48. Defendant MANNY "DOE" is an employer under the FLSA and NYLL.

49. Defendant MANNY "DOE" exercised sufficient control over the operations of 6645 OWNERS CORP to be considered an employer under the FLSA and NYLL.

## 5. FACTUAL ALLEGATIONS

### 5.1. Wage and Hour Violations as to Plaintiff

50. Defendants employ Plaintiff as a building superintendent for a co-op building at 6645 Broadway, Bronx, NY 10471.

51. Plaintiff's job responsibilities include but are not limited to making repairs for tenants, maintaining the apartment complex, and maintaining methods of ingress and egress.

52. Plaintiff was hired on or about the year 1993 by Stewart Hackett and Robin Hill LLC.

53. On or around 2017, Defendants 6645 OWNERS CORP., BSP BROADWAY 1 LLC., and BSP BROADWAY 2 LLC., secured the property at 6645 Broadway, Bronx, NY 10471.

54. On or around the year 2022, Plaintiff has been supervised by Defendant MANNY "DOE."

55. At the end of each week, Plaintiff sent his hours worked for the week to Defendant CEDAR BRIDGE MANAGEMENT CORP., via email to hr@njmanager.com.

56. From approximately 2017 to Present, Plaintiff has been paid $18 per hour, regardless of hours worked.

57. Plaintiff has only been paid for 40 hours each week, regardless of hours worked.

58. Throughout his employment, Plaintiff has worked the following approximate schedule: Monday through Friday from 8 AM to 5PM, and approximately four hours each day on Saturday and Sunday.

**5.2. <u>Defendant(s)' Payroll Recordkeeping Practices.</u>**

59. Defendants did not keep accurate records of the number of hours worked each day by Plaintiff.

60. Defendants did not keep accurate records of the number of hours worked each week by Plaintiff.

61. Defendants did not keep accurate records of the time of arrival and departure of Plaintiff for each work shift.

62. Plaintiff was not given accurate wage statements with each payment of wages as required by the NYLL.

63. Plaintiff was not given an accurate wage notice at the time of hiring or when rates of pay changed that, inter alia, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

64. In failing to provide proper wage statements and notices, Defendant(s) have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendant(s)' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay.

65. There is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

66. Here, Defendant(s)' failure goes beyond generating a risk of harm to Plaintiff. Defendant(s)' conduct actually harmed Plaintiff.

67. Defendant(s)' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived Plaintiff of the ability to contest Defendant(s)' calculations, and allowed Defendant(s) to hide their wrong-doing.

68. This necessitated the current litigation to vindicate Plaintiff.

69. This conduct ensured Defendant(s)' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law.

70. Moreover, Defendant(s) failure to provide accurate wage notices allowed Defendant(s) to hide the proper frequency of pay to employees.

71. Defendant(s)' failure to provide an accurate wage notice to employees allowed Defendant(s) to hide their responsibility and deprive employees of timely compensation.

72. Due to Defendant(s)' failure to provide legally mandated notices such as earning statements and wage notices, Defendant(s) were able to hide their wrongdoing from employees and continue to attempt to hide their wrongdoing necessitating the current litigation.

73. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff.

## 6. CAUSES OF ACTION

### 6.1. Fair Labor Standards Act – Unpaid Overtime

74. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

75. Defendant(s) have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages at the rate of one and one-half his regular hourly wage rates per hour worked in excess of forty per workweek.

76. Defendant(s)are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

77. Defendant(s)have not made a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

78. Defendant(s)were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

79. Due to Defendant(s)' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### 6.2. New York Labor Law - Unpaid Minimum Wages

80. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

81. Defendant(s) have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

82. At all times relevant, Plaintiff has been an employee of Defendant(s), and Defendant(s) have been employers of Plaintiff within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

83. As of January 1, 2024, New York State Minimum Wage was $16.00 per hour.

84. However, Defendants only paid Plaintiff $15.00 per hour in 2024 by paying him $720 per week for 48 hours of work.

85. Defendant(s) have failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

86. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendant(s) have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

87. 534. Due to Defendant(s)' willful violations of the NYLL, Plaintiff is entitled to recover from Defendant(s) his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**6.3. <u>New York Labor Law - Unpaid Overtime</u>**

88. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

89. Defendant(s) have failed to pay Plaintiff the premium overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

90. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek, Defendant(s) have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

91. Due to Defendant(s)' willful violations of the NYLL, Plaintiff is entitled to recover from Defendant(s) his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### 6.4. <u>New York Labor Law- Failure to Provide Wage Notices</u>

92. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

93. Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; ... the regular pay day designated by the employer ...; [and] the Plaintiff_Name1 of the employer .... For all employees who are not exempt from overtime compensation ..., the notice must sate the regular hourly rate and overtime rate of pay."

94. Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

95. At the time of hire, Defendant(s) did not provide Plaintiff with wage notifications informing him of, among other things, (1) his regular rates of pay, (2) his overtime rates of pay, (3) the basis of his rates of pay (e.g., whether he was an hourly employee), or (4) the regular pay day designated by Defendant(s).

96. Defendant(s) violated NYLL § 195(1) by failing to provide Plaintiff with wage notifications containing the information required by NYLL § 195, et seq.

97. The failure of Defendant(s) to provide Plaintiff with wage notifications in violation of NYLL § 195 was willful.

98. By the foregoing reasons, Defendant(s) are liable to Plaintiff for the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**6.5. <u>New York Labor Law- Failure to Provide Accurate Wage Statements</u>**

99. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

100. Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

101. Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

102. Plaintiff did not receive any wage statements from the Defendant(s).

103. Defendant(s) violated NYLL § 195(3) by failing to provide Plaintiff with wage statements containing the information required by NYLL § 195(3).

104. The failure of Defendant(s) to provide Plaintiff with wage statements in violation of NYLL § 195 was willful.

105. By the foregoing reasons, Defendant(s) are liable to Plaintiff for the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**7. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

a. Unpaid overtime compensation and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

b. Unpaid overtime compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

c. Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

d. Statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

e. Prejudgment and post-judgment interest;

f. Reasonable attorneys' fees and costs of the action; and

g. Such other relief as this Court shall deem just and proper.

**8. JURY TRIAL DEMAND**

106. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: Astoria, New York
October 31, 2024

SACCO & FILLAS LLP

By: */s/Oscar Alvarado*
Oscar Alvarado, Esq.
Madeline Howard, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2207

Fax: 718-559-6517
OAlvarado@SaccoFillas.com
*Attorneys for Plaintiffs*

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED**

TO: 6645 Owners Corp.

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of 6645 Owners Corp for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Astoria, New York
October 31, 2024

SACCO & FILLAS LLP

By: *<u>/s/ Oscar Alvarado</u>*
Oscar Alvarado, Esq.
Madeline Howard, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2207
Fax: 718-559-6517
OAlvarado@SaccoFillas.com
*Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: 6645 Owners Corp.

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York
October 31, 2024

SACCO & FILLAS LLP

By: *<u>/s/Oscar Alvarado</u>*

Oscar Alvarado, Esq.
Madeline Howard, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2207
Fax: 718-559-6517
OAlvarado@SaccoFillas.com
*Attorneys for Plaintiffs*

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED**

TO: Cedar Bridge Management Corp.

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Cedar Bridge Management Corp for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Astoria, New York
October 31, 2024

SACCO & FILLAS LLP

By: *_____/s/Oscar Alvarado_*

Oscar Alvarado, Esq.
Madeline Howard, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2207
Fax: 718-559-6517
OAlvarado@SaccoFillas.com
*Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: Cedar Bridge Management Corp.

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York
October 31, 2024

SACCO & FILLAS LLP

By: *_/s/Oscar Alvarado_*

Oscar Alvarado, Esq.
Madeline Howard, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2207
Fax: 718-559-6517
OAlvarado@SaccoFillas.com
*Attorneys for Plaintiffs*

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER**

**LIABILITY FOR SERVICES RENDERED**

TO: BSP Broadway 1 LLC, BSP Broadway 2 LLC

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of BSP Broadway 1 LLC and BSP Broadway 2 LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Astoria, New York
October 31, 2024

SACCO & FILLAS LLP

By: *_____/s/Oscar Alvarado__________*

Oscar Alvarado, Esq.
Madeline Howard, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2207
Fax: 718-559-6517
OAlvarado@SaccoFillas.com
*Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: BSP Broadway 1 LLC, BSP Broadway 2 LLC

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York
October 31, 2024

SACCO & FILLAS LLP

By: *_____/s/Oscar Alvarado__________*

Oscar Alvarado, Esq.
Madeline Howard, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2207
Fax: 718-559-6517
OAlvarado@SaccoFillas.com
*Attorneys for Plaintiffs*