**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

MANUEL MARTINEZ,

Plaintiff,

-against-

6645 OWNERS CORP., BSP BROADWAY 1 LLC, BSP BROADWAY 2 LLC, CEDAR BRIDGE MANAGEMENT CORP, and MANNY "DOE" individually,

Defendants.

-----------------------------------------------------------------X

**1:24-cv-08285-JPO**

**ANSWER TO COMPLAINT**

Defendants, 6645 OWNERS CORP., BSP BROADWAY 1 LLC, BSP BROADWAY 2 LLC, CEDAR BRIDGE MANAGEMENT CORP, and MANNY "DOE, individually ("Defendants"), by undersigned counsel Group Five Legal LLP, for its Answer to the October 31, 2024, Complaint ("Complaint") of Plaintiff, MANUEL MARTINEZ ("Plaintiff"), states as follows:

**<u>NATURE OF THE ACTION</u>**

1. Defendants aver that Paragraph 1 of the Complaint describes the nature of the action and requires no substantive admission or denial and to the extent that this paragraph sets forth allegations of fact, they are denied.

**<u>JURISDICTION</u>**

2. Paragraph 2 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

**<u>VENUE</u>**

3. Paragraph 3 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## PARTIES

**4.1 Plaintiff**

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. Defendants deny the truth of the allegations contained in Paragraph 5 of the Complaint, except for that Plaintiff works as a janitor for the property located at 6645 Broadway, Bronx, NY 10471.

**4.2 Defendant 6645 OWNERS CORP.**

6. Paragraph 6 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

7. Defendants deny the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

10. Paragraph 10 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

11. Defendants deny the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

**4.3. Defendant BSP BROADWAY 1 LLC**

16. Paragraph 16 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

17. Defendants deny the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

19. Paragraph 19 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

20. Defendants deny the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

**4.4. <u>Defendant BSP BROADWAY 2 LLC</u>**

25. Paragraph 25 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

26. Defendants deny the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

28. Paragraph 28 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

29. Defendants deny the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the truth of the allegations contained in Paragraph 31 of the Complaint.

33. Paragraph 33 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

**4.5. <u>Defendant CEDAR BRIDGE MANAGEMENT CORP.</u>**

34. Paragraph 34 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

35. Defendants deny the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

38. Paragraph 38 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

39. Defendants deny the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

**4.6. Defendant MANNY "DOE"**

42. Defendants deny the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

49. Paragraph 49 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## FACTUAL ALLEGATIONS

### 5.1. Wage and Hour Violations as to Plaintiff

50. Defendants deny the truth of the allegations contained in Paragraph 50 of the Complaint except for that Plaintiff works as a janitor for the property located at 6645 Broadway, Bronx, NY 10471.

51. Defendants deny the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the truth of the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the truth of the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the truth of the allegations contained in Paragraph 58 of the Complaint.

**5.2. <u>Defendant(s)' Payroll Recordkeeping Practices</u>**

59. Defendants deny the truth of the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the truth of the allegations contained in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

63. Paragraph 63 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

64. Paragraph 64 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

65. Paragraph 65 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

66. Defendants deny the truth of the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the truth of the allegations contained in Paragraph 67 of the Complaint.

68. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and therefore denies the same.

69. Defendants deny the truth of the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the truth of the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the truth of the allegations contained in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

73. Paragraph 73 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## CAUSES OF ACTION

### 6.1. Fair Labor Standards Act – Unpaid Overtime

74. Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 74 herein.

75. Defendants deny the truth of the allegations contained in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

77. Defendants deny the truth of the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the truth of the allegations contained in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

### 6.2. New York Labor Law – Unpaid Minimum Wage

80. Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 80 herein.

81. Defendants deny the truth of the allegations contained in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

83. Paragraph 83 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

84. Defendants deny the truth of the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the truth of the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the truth of the allegations contained in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

### 6.3. New York Labor Law – Unpaid Overtime

88. Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 88 herein.

89. Defendants deny the truth of the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the truth of the allegations contained in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

### 6.4. New York Labor Law – Unpaid Overtime

92. Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 92 herein.

93. Paragraph 93 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

94. Paragraph 94 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

95. Defendants deny the truth of the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the truth of the allegations contained in Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

98. Paragraph 98 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

**6.5. New York Labor Law – Failure to Provide Accurate Wage Statements**

99. Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 99 herein.

100. Paragraph 100 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

101. Paragraph 101 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

102. Defendants deny the truth of the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the truth of the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the truth of the allegations contained in Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief whatsoever including, but not limited to, the relief sought in subparagraphs (a) through (g) in his "Prayer For Relief" in the Complaint.

## DEMAND FOR A JURY TRIAL

106. Defendants aver that Paragraph 106 of the Complaint states a demand for a jury trial to which no responsive pleading is required. To the extent a response is required, Defendants deny Plaintiff is entitled to any relief whatsoever and respectfully refer all matters of law to this Honorable Court.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

107. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

108. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including but not limited to the statute of limitations contained in 29 U.S.C. § 255 and N.Y. Lab. Law § 198(3). Because any violations of the Fair Labor Standards Act ("FLSA") were not willful, ratified by Defendants, or in reckless disregard of the requirements of the FLSA, and, therefore, any claims must be measured against a two-year statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

109. Plaintiff's claims are barred, in whole or in part, because he lacks standing, including, without limitation, he has not suffered any injury in fact and has not lost money or property, or has been made whole.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

110. Plaintiff's claims are barred, in whole or in part, due to his failure to exhaust applicable statutory, administrative and/or contractual procedures and/or remedies, or otherwise failed to properly perfect a right of action against Defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

111. Plaintiff's claim is barred in whole or in part because he was fully paid the wages due to him, and therefore there was no "underpayment" to him.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

112. At all times relevant hereto, Defendants have acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

113. Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex* and *in pari delicto*.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

114. Each and every action taken by Defendants with respect to Plaintiff was based upon reasonable factors.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

115. Each and every action taken by Defendants with respect to Plaintiff was justified by business necessity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

116. Plaintiff's claims may be barred to the extent the Plaintiff knowingly and intentionally did not complain of any alleged wage and hour violations to Defendants in bad faith to purposefully precipitate a claim.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

117. Plaintiff's claims are barred, in whole or in part, by his failure to take reasonable steps to avoid, minimize, or mitigate any alleged damages, if any.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

118. To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

119. To the extent Plaintiffs engaged in allegedly compensable activities without the actual or constructive knowledge of Defendants, Plaintiffs are not entitled to compensation for any such overtime hours worked. *See Kuebel v. Black & Decker Inc*., 643 F.3d 353, 361 (2d Cir. 2011).

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

120. Pursuant to NYLL § 198(1-b) and (1-d) and 12 N.Y.C.R.R. § 146-1.3 and 146-2.2, Defendants are not liable for a mere technical violation of those statutes, if applicable, because Defendants made complete and timely payments of all wages due to Plaintiff during Plaintiff's alleged employment with Defendants and, as such, Plaintiff suffered no actual injury as a result of any alleged failure by Defendants to give Plaintiff the required wage notices and wage statements pursuant to NYLL § 195(1) and § 195(3).

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

121. To the extent Plaintiff engaged in compensable activities, Plaintiff was properly compensated as a "janitor" in accordance with 12 N.Y.C.R.R. § 141 under the New York Minimum Wage Order for the Building Service Industry.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

122. Plaintiff is precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq*., Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq*., and all of their implementing regulations (collectively "Applicable Law").

123. Defendant reserves the right to rely on any and all additional defenses which become available or appear during discovery proceedings in this action, and reserves the right to amend its Answer and Defenses for the purpose of asserting any such additional defenses.

**WHEREFORE**, Defendants respectfully request that this Court:

a. Dismiss the Complaint in its entirety;

b. Deny each and every demand, claim and prayer for relief contained in the Complaint; and

c. Award to Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d. Grant such other and further relief as the Court may deem just and proper.

Dated: February 11, 2025
New York, New York

Respectfully,

Group Five Legal LLP

/Nadav Zamir/

By: Nadav Zamir, Esq.
*Attorneys for Defendants*
5 Koritz Court, Suite 302-A
Monroe, NY 10950
Tel: 631.514.5983
Nadav.zamir@groupfivelegal.com